The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE MEADOWS OWNERS ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>JAYAKRISHNAN K. NAIR ; et al.,<br><br>Defendants. | CASE NO. C19-01596-RAJ<br><br>**ORDER** |

This matter is before the Court on Interested Party Joyous Investments, LLC's ("Joyous") Objections to the Honorable Mary Alice Theiler's Report and Recommendation. Dkt. # 6. Plaintiff, The Meadows Owners Association ("Plaintiff" or the "Association"), is a non-profit corporation that holds a lien over the property at issue in the underlying action. Dkt. # 1-2 at ¶ 1.1. Plaintiff initially brought this lien foreclosure action against Defendant Jayakrishnan K. Nair and the other record owners of

ORDER - 1

the property (collectively "Defendants") in Snohomish County Superior Court on May 22, 2017. Dkt. # 1-2 at ¶ 1.2. On October 7, 2019, Defendants removed the action to federal court. Dkt. # 1-1. Defendants also submitted an application to proceed *in forma pauperis*. Dkt. # 1. The Honorable Mary Alice Theiler recommended that Defendants' application be denied. Dkt. # 5.

Joyous objects to Judge Theiler's recommendation, arguing that this action should instead be remanded back to state court. Dkt. # 8. Defendants have not responded to Joyous' Objection. Joyous' Objection is **DENIED**. Dkt. # 6. The Court **ADOPTS** the Report and Recommendation. Dkt. # 5. This action will proceed only if Defendants pay the $400.00 filing fee within **thirty (30) days** of the date of this Order.

Separately, the Court has concerns regarding the basis for federal jurisdiction over this action. The Court may raise the issue of subject matter jurisdiction *sua sponte* at any time during an action. *Allstate Indem. Co. v. Pacheco*, No. 3:14-cv-05366-KLS, 2014 U.S. Dist. LEXIS 150069, *11 (W.D. Wash. 2014); Fed. R. Civ. Proc. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Absent jurisdiction, any determination on the merits would be void. *Watts v. Pickney*, 752 F.2d 406, 409 (9th Cir. 1985). A federal court's jurisdiction is limited to cases or controversies that arise under federal laws or are between diverse citizens where the matter in controversy exceeds $75,000. 28 U.S.C. §§ 1331,1332.

Although not entirely clear from the Notice of Removal, Defendants appear to argue that removal is appropriate because the Court now has diversity and federal question jurisdiction over this action. Dkt. # 1-1. However, Defendants assert almost no facts to establish the Court's jurisdiction over this lien foreclosure action. In addition, it appears that this action was initially brought in May 2017 (Dkt. # 1-2), however, Defendant's Notice of Removal does not articulate any basis justifying his

ORDER - 2

delay in removing this action as required under 28 U.S.C. § 1446(b)(1) and 28 U.S.C. § 1446(c)(1).

Accordingly, the Court **ORDERS** Defendants to show cause as to why this case should not be dismissed for lack of jurisdiction. The Court also **ORDERS** Defendants to show cause as to why removal of this action is timely under 28 U.S.C. § 1446(b)(1) and 28 U.S.C. § 1446(c)(1). Defendants shall file a written response, not to exceed five (5) pages, no later than **seven (7) days** from the date of this Order. Failure to file a response will result in dismissal of the action with prejudice. Joyous' Motion to Remand is **TERMINATED** as moot. Dkt. # 8.

DATED this 2nd day of March, 2020.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER - 3