The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE MEADOWS OWNERS ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>JAYAKRISHNAN K. NAIR ; et al.,<br><br>Defendants. | CASE NO. C19-01596-RAJ<br><br>**ORDER REMANDING ACTION TO SNOHOMISH COUNTY SUPERIOR COURT** |

This matter is before the Court on Defendants' response to the Court's order to show cause. Dkt. # 17. For the following reasons, the Court **REMANDS** this action back to Snohomish County Superior Court.

I. **BACKGROUND**

Plaintiff, The Meadows Owners Association ("Plaintiff" or the "Association"), is a non-profit corporation that holds a lien over the property at issue in the underlying action. Dkt. # 1-2 at ¶ 1.1. Plaintiff initially brought this lien foreclosure action against Defendant Jayakrishnan K. Nair and the other record owners of the Property (collectively "Defendants") in Snohomish County Superior Court on May 22, 2017. Dkt. # 1-2 at ¶ 1.2. On October 7, 2019, Defendants removed the action to federal court. Dkt. # 1-1. Defendants also submitted an application to proceed *in forma pauperis*. Dkt.

ORDER - 1

# 1. The Honorable Mary Alice Theiler recommended that Defendants' application be denied. Dkt. # 5. On March 2, 2020, the Court adopted Judge Theiler's Report and Recommendation and denied Defendants' IFP application. Dkt. # 15. The Court also ordered Defendants to show cause as to why this case should not be dismissed for lack of jurisdiction and why removal of this action was timely under 28 U.S.C. § 1446. *Id.*

II. **DISCUSSION**

A strong presumption against removal exists, and the removing defendant bears the burden of establishing that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992). If there is any doubt as to the right of removal, federal jurisdiction must be rejected. *Id.* at 566. Under 28 U.S.C. § 1446(b)(1), a defendant must generally file a notice of removal within 30 days of original service on the defendant. Removal is also permitted within 30 days after a defendant's receipt of an "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). In addition, "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1).

ORDER - 2

Based on the record before the Court, it appears that this action was initially brought in May 2017. Dkt. # 1-2.[1] Defendants argue that removal was timely because they did not learn about the underlying state court action until April 2019. Dkt. # 17 at 2. Because they filed for removal in October 2019, within a year of "learning" of the state court action, Defendants believe that removal was timely under 28 U.S.C. § 1446(c)(1). *Id.*

Defendants misunderstand the rule. Section 1446(c)(1) provides: "A case <u>may not be removed under subsection (b)(3)</u> on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1) (emphasis added). It appears that Defendants are interpreting Section 1446(c)(1) as imposing a separate one-year deadline for removal of diversity actions. This is incorrect. A notice of removal based on diversity is still subject to the 30-day requirement outlined in Section 1446(b)(3). Section 1446(c)(1) simply imposes an <u>additional</u> one-year outer limit for removal of diversity actions under Section 1446(b)(3).

Because Defendants fail to articulate any "amended pleading, motion, order or other paper" or "bad faith" justifying the delay in filing for removal the Court finds that Defendants' removal was untimely under 28 U.S.C. § 1446(b)(1) and 28 U.S.C. §

---

[1] The Court may take judicial notice, *sua sponte*, of a "fact not subject to reasonable dispute" at any stage of the proceeding. This includes records of other state or federal court proceedings. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

ORDER - 3

1446(b)(3). Accordingly, the Clerk is directed to **REMAND** this action to Snohomish County Superior Court. All remaining motions pending in this action are **TERMINATED** as moot. Dkt. ## 12, 13.

DATED this 18th day of March, 2020.

The Honorable Richard A. Jones

United States District Judge

ORDER - 4